IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| MARKETEL MEDIA, INC., <br> SAMUEL T. HASSELL, <br><br> Plaintiffs, <br><br> v. <br><br> MEDIAPOTAMUS, INC., <br> KELLEY J. ORTIZ, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 5:13-CV-427-D |
| KELLEY JENKINS ORTIZ, <br><br> Plaintiff, <br><br> v. <br><br> SAMUEL T. HASSELL, <br> MARKETEL MEDIA, INC., <br> INTELIMARC, INC., and <br> DOES 1–10, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 5:13-CV-693-D |

**ORDER**

Kelly Jenkins Ortiz ("Ortiz") and Samuel T. Hassell ("Hassell") are advertising consultants who primarily serve political clients through companies that each has created. The business relationship between Ortiz and Hassell has deteriorated and they are now fighting about money. On April 22, 2013, Ortiz sued Hassell, Marketel Media, Inc. ("Marketel Media"), and Intelimarc, Inc. ("Intelimarc") in the United States District Court for the Central District of California but did not promptly serve Hassell, Marketel Media, and Intelimarc. On May 15, 2013, Hassell and Marketel Media sued Ortiz and Mediapotamus ("Mediapotamus") in Wake County Superior Court. Ortiz and

Mediapotamus timely removed the North Carolina action to this court. See No. 5:13-CV-427 [D.E. 1]. On July 19, 2013, Ortiz and Mediapotamus moved to transfer the North Carolina action to the Central District of California. See No. 5:13-CV-427 [D.E. 12]. On August 9, 2013, Hassell and Marketel responded in opposition. See No. 5:13-CV-427 [D.E. 14]. On August 21, 2013, Ortiz and Mediapotamus replied. See No. 5:13-CV-427 [D.E. 19].

While Ortiz and Mediapotamus were asking this court to transfer the North Carolina action to the Central District of California, Hassell, Marketel Media, and Intelimarc were asking the Central District of California to transfer Ortiz's California action to this district, arguing that venue was improper in the Central District of California. On October 1, 2013, the Central District of California transferred Ortiz's California action to this court. See No. 5:13-CV-693 [D.E. 29].

As explained below, the court denies Ortiz and Mediapotamus's motion to transfer this action to the Central District of California. Moreover, on its own motion, the court consolidates the California action and the North Carolina action.

I.

On April 22, 2013, Ortiz filed suit in the Central District of California against Hassell, Marketel Media, and Intelimarc. No. 5:13-CV-693 [D.E. 1]. Ortiz is a citizen of California. Hassell, Marketel, and Intelimarc are citizens of North Carolina. No. 5:13-CV-693 [D.E. 8] ¶ 1. Hassell, Marketel, and Intelimarc were not served until July 1, 2013. No. 5:13-CV-693 [D.E. 11–13]. Ortiz's claims arise out of her alleged co-ownership of Marketel with Hassell. Ortiz's complaint alleges breach of fiduciary duty, conversion, civil conspiracy, constructive fraud, breach of the implied duty of good faith and fair dealing, and fraud by concealment. Ortiz requests a jury trial and seeks (1) damages of not less than $795,126.10; (2) punitive damages of not less than $7,156,134.90; (3) an order for either dissolution of Marketel or a mandatory buyout at fair value

2

of her interest in Marketel; and, (4) an order compelling inspection of Marketel's books and records. No. 5:13-CV-693 [D.E. 8] 13.

Marketel, a North Carolina corporation, is an advertising business that primarily works for political organizations. Id. ¶¶ 5–6. In July 2011, Marketel entered into a business relationship with Mediapotamus, which Ortiz owns. See No. 5:13-CV-427 [D.E. 15] ¶ 5. Mediapotamus performed various consulting and vendor services for Marketel, and also managed and maintained Marketel's payroll, finances, and accounting. See No. 5:13-CV-427 [D.E. 15] ¶¶ 7–8.

In December 2011, Ortiz became a Marketel shareholder. See No. 5:13-CV-693 [D.E. 8] 15–16. According to Ortiz, Hassell and Ortiz each own 50% of Marketel's shares. Id. Hassell solicited business for Marketel from Raleigh, North Carolina, while Ortiz purchased advertising, invoiced clients, paid operating expenses, and distributed profits from Temecula, California. Id. ¶¶ 8–9.

In December 2011, Hassell formed Intelimarc to manage the advertising and marketing for the Newt Gingrich Super PAC "Winning Our Future." See No. 5:13-CV-427 [D.E. 1-1] ¶¶ 34–35. Intelimarc is incorporated in North Carolina, and Hassell is its sole shareholder. See No. 5:13-CV-427 [D.E. 15] ¶ 4. According to Ortiz, Marketel's profits dramatically increased after it obtained "Winning Our Future" as a client. See No. 5:13-CV-693 [D.E. 8] ¶ 10. At that time, Hassell and Ortiz realized profits equally from Marketel in accordance with their equal stock ownership. Id.

Relations between Hassell and Ortiz began to deteriorate in September 2012, when Hassell allegedly changed how he and Ortiz divided the Marketel profits. Id. ¶ 15. Ortiz claims that under Hassell's new "formula," Hassell receives over 97% of Marketel's profits, while she receives less than 3%. Id. In November 2012, Hassell allegedly locked Ortiz out of Marketel's bank accounts and demanded that she resign. Id. ¶ 16. Ortiz refused. Id. In December 2012, Hassell allegedly

3

appointed himself Marketel's sole director, made himself the sole signatory of Marketel's bank account, and authorized the issuance of 51 shares of stock to himself and 49 shares to Ortiz. Id. ¶ 18. Ortiz also claims that Hassell wrongfully diverted Marketel assets and corporate opportunities to Intelimarc in 2012. Id. ¶¶ 23–24.

On February 14, 2013, Ortiz sent a derivative action demand letter to Marketel and Hassell. Id. at 17–20. Ortiz demanded that Hassell and Marketel compensate her for Hassell's purported breaches of fiduciary duty, diversion of Marketel's corporate opportunities, and change in income distribution. She also demanded that Hassell and Marketel purchase her ownership shares in Marketel. Id. Marketel had 90 days to review Ortiz's demand letter. See N.C. Gen. Stat. § 55-7-42(2).

On May 15, 2013, Hassell and Marketel filed suit in Wake County Superior Court against Ortiz and Mediapotamus. See No. 5:13-CV-427 [D.E. 1-1]. Hassell and Marketel request a jury trial and seek (1) a judgment declaring that Marketel properly compensated Ortiz and Mediapotamus; (2) a judgment declaring that Hassell did not divert Marketel's corporate opportunities; and, (3) a judgment declaring that Hassell and Ortiz own 51% and 49% of Marketel, respectively. Id. at 16–17. Hassell and Marketel also assert claims against Ortiz and Mediapotamus for defamation and negligent maintenance of Marketel's finances and records and seek actual damages of not less than $10,000 and punitive damages. Id. at 13–17. On June 13, 2013, Ortiz and Mediapotamus removed the North Carolina action to this court based on diversity of citizenship. See No. 5:13-CV-427 [D.E. 1]. On July 19, 2013, Ortiz and Mediapotamus filed a motion to transfer the North Carolina action to the Central District of California. See No. 5:13-CV-427 [D.E. 12]. Thereafter, Hassell and Marketel responded in opposition, No. 5:13-CV-427 [D.E. 14], and Ortiz replied. See No. 5:13-CV-427 [D.E. 19].

4

On August 8, 2013, Hassell, Marketel, and Intelimarc filed a motion in the Central District of California to dismiss the California action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1391. See No. 5:13-CV-693 [D.E. 23]. Alternatively, Hassell, Marketel, and Intelimarc moved to transfer the California action to this district pursuant to 28 U.S.C. § 1404(a). Id. Hassell, Marketel, and Intelimarc also filed a motion to dismiss some of Ortiz's claims pursuant to Rule 12(b)(6) for failure to state a claim, and pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction. See No. 5:13-CV-693 [D.E. 22].

On October 1, 2013, the Central District of California denied defendants' motion to dismiss for improper venue and granted defendants' motion to transfer the California action to this district. See No. 5:13-CV-693 [D.E. 29] 4. Essentially, the court concluded that because Hassell performed his work for Marketel from his office in Raleigh, North Carolina, the alleged corporate wrongdoing giving rise to Ortiz's claims occurred in North Carolina, not California. Id. at 3–4; see 28 U.S.C. § 1391(b)(2). The Central District of California did not rule on defendants' motion to dismiss under Rules 12(b)(1) and 12(b)(6). See No. 5:13-CV-693 [D.E. 29] 4.

II.

Venue is proper in this district concerning both the California action and the North Carolina action. See 28 U.S.C. § 1391(b). Moreover, the court sees no reason to transfer the North Carolina action to the Central District of California under either 28 U.S.C. § 1404(a) or § 1406(a). See, e.g., Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Brock v. Entre Computer Ctrs., Inc., 733 F.2d 1253, 1257 (4th Cir. 1991); Porter v. Groat, 840 F.2d 255, 257 (4th Cir. 1988); Akers v. Norfolk & W. Ry., 378 F.2d 78, 80 (4th Cir. 1967) (per curiam); Jenkins v. Albuquerque Lonestar Freightliner, LLC, 464 F. Supp. 2d 491, 494–95 (E.D.N.C. 2006). Indeed, the heart of dispute arose in this district, and most witnesses and records apparently are in this district. Accordingly, the court

denies Mediapotamus and Ortiz's motion to transfer the North Carolina action to the Central District of California.

The court now addresses whether to consolidate the California and the North Carolina actions. Under Federal Rule of Civil Procedure 42(a), a court may consolidate two or more cases pending in the same district if they involve "a common question of law or fact." See Fed. R. Civ. P. 42(a); Gen. Tire & Rubber Co. v. Watkins, 373 F.2d 361, 369 (4th Cir. 1967). Common questions of law and fact do not have to predominate. Rather, a district court must find only that they exist and that consolidation will prove beneficial. See, e.g., Hanes Cos. v. Ronson, 712 F. Supp. 1223, 1230 (M.D.N.C. 1988). Courts have broad discretion in determining whether consolidation is proper, and may consolidate cases sua sponte. See, e.g., Pickle v. Char Lee Seafood, Inc., 174 F.3d 444, 447 (4th Cir. 1999); Bess v. Cnty. of Cumberland, No. 5:11-CV-388-BR, 2011 WL 4809879, at *9 (E.D.N.C. Oct. 11, 2011) (unpublished).

Although actions involving the same parties are apt candidates for consolidation, complete identity of parties is not required. A common question of law or fact is enough. See, e.g., Safran v. Sheriff of Nassau Cnty., Nos. 12-CV-599 JFB, 12-CV-3296 JFB, 2012 WL 3027924, at *1 (E.D.N.Y. 2012) (unpublished); Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Reserve Sys., 770 F. Supp. 2d 283, 286 (D.D.C. 2011).

Here, both cases involve common questions of law and fact. Specifically, they raise the following issues: (1) whether Hassell diverted Marketel's corporate opportunities to Intelimarc; (2) whether Hassell and Ortiz own 50% of Marketel's shares each, or whether Hassell and Ortiz own 51% and 49%, respectively; and, (3) whether Marketel properly compensated Ortiz. As for Hassell's defamation claim against Ortiz, the allegedly defamatory statement relates to Ortiz's claim that Hassell wrongfully diverted Marketel's corporate opportunities to Intelimarc. See No. 5:13-CV-427

6

[D.E. 1-1] ¶ 70 ("Sam Hassell is a liar, cheat and a thief. He diverted $1.2 million away from our company into his own."). Because Hassell claims that the statement is false, id. ¶ 72, resolving the issue of Hassell's alleged breach of fiduciary duty also resolves this factual question. Moreover, both actions are in their procedural infancy. Finally, although Intelimarc is a party only to the California action, complete identity of parties is not required where the actions share common questions of law or fact.

Only the issue of Mediapotamus's alleged negligent maintenance of Marketel's finances, books, and records is not common to both actions. Hassell alleges that Marketel overcompensated Mediapotamus due to its negligence. See No. 5:13-CV-427 [D.E. 1-1] ¶¶ 32, 63–67. The court may order a separate trial on this issue if it concludes that a jury would confuse the issue of Mediapotamus's compensation with the issue of Ortiz's compensation. See Fed. R. Civ. P. 42(b); Arnold v. E. Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982). At this early stage of the case, the court need not address that issue.

III.

In sum, Mediapotamus and Ortiz's motion to transfer, No. 5:13-CV-427 [D.E. 12] is DENIED. The two actions are consolidated. These actions shall proceed under the caption at case number 5:13-CV-427-D. Counsel for the parties shall meet and confer to address administrative and scheduling issues arising from the consolidation and submit a joint status report and proposed schedule not later than December 6, 2013.

SO ORDERED. This _8_ day of November 2013.

JAMES C. DEVER III
Chief United States District Judge