IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:13-CV-00427-D

MARKETEL MEDIA, INC., and )
SAMUEL T. HASSELL, )
)
                Plaintiffs, )
)
v. )
)
MEDIAPOTAMUS, INC. and KELLY )
JENKINS ORTIZ, )
)
                Defendants. )
)
KELLY JENKINS ORTIZ, )
)
                Plaintiff, )
)
v. )
)
SAMUEL T. HASSELL, MARKETEL )
MEDIA, INC. INTELIMARC, INC. and )
DOES 1-10, )
)
                Defendants. )

**CONSENT PROTECTIVE ORDER**
**(AS MODIFIED)**

      The parties have informed the Court that the Plaintiffs have requested or may request personnel, financial and proprietary information from the Defendants and/or third parties, and the Defendants have requested or may request personnel, financial and proprietary information from the Plaintiffs and/or third parties, and that the Plaintiffs and Defendants believe these documents and information are entitled to confidentiality under applicable law. Plaintiffs and Defendants object to producing confidential documents and information without a Protective Order to protect

the confidentiality of such documents and information, specifically including but not limited to the parties' financial information, personnel files, proprietary information, and any other private information that the parties deem confidential. The parties have agreed (i) to the entry of this Protective Order to resolve such problems and (ii) that the terms of this Order should be extended to include documents produced by third parties who may object to producing confidential documents. Based on that information and a review of the proposed Consent Protective Order, the Court believes that entry of the agreed Protective Order is in the interest of the fair and efficient administration of justice.

Therefore, until further order of the Court, it is hereby ordered as follows:

1. The following definitions shall apply in this order:

    (a) The term "Producing Party" means the person or entity producing Confidential Documents (as defined below) pursuant to this Protective Order. This term includes third parties compelled to produce information by subpoena in this action.

    (b) The term "Receiving Party" means the party receiving Confidential Documents pursuant to this Protective Order.

    (c) The term "Documents" means any and all documents or electronically stored information, including writings, drawings, graphs, charts, photographs, recordings, images, data, data compilations, and any other materials within the scope of Rule 34 of the Federal Rules of Civil Procedure;

    (d) The term "Confidential Document" means any Document that constitutes, evidences, contains, reflects, or otherwise relates to information not available to the general public about: (i) financial information of any of the parties; (ii) trade secrets and other proprietary technical, business, financial, payroll or other sensitive commercial

information of the parties, (iii) current and former policies, practices and procedures; (iv) and any other information that is specifically designated by the Producing Party in good faith as confidential.

2. The parties and their counsel shall not use any information or Documents produced by either party in this action, including, but not limited to, Confidential Documents, for any purpose other than prosecution of this action.

3. If a Producing Party produces to a Receiving Party any Documents which it reasonably believes are Confidential Documents, it will designate such Documents as Confidential Documents by stamping or otherwise affixing to the Documents the label "Confidential," or by otherwise notifying Receiving Party's counsel in writing at the time of production that the Documents produced are designated as Confidential Documents. If Receiving Party's counsel believes that any Documents so designated should be excluded from the scope of this Protective Order, counsel will meet and confer with counsel for the Producing Party to resolve any disagreement. If counsel are unable to resolve their differences, Receiving Party may apply to the Court for a declaration as to whether the particular information or document should be within the scope of this Protective Order. If either party determines that any document previously produced without a "Confidential" designation should have been designated as "Confidential," the Producing Party may promptly notify counsel for the Receiving Party, and Receiving Party shall thereafter comply with the provisions of this Order with respect to such Documents (subject to Receiving Party's right to object to such designation, as set forth above). No disclosure of any such document prior to notice to counsel for Receiving Party as provided in this paragraph will be considered a violation of this order.

4. The Producing Party may designate deposition testimony of the party, the party's employee and/or agent, or a non-party as "Confidential" by advising the court reporter and opposing counsel of its desire to designate any portion thereof as "Confidential" or any exhibits thereto which have been marked or are marked as "Confidential". The designation must be made during the deposition or within thirty (30) days after receipt of the transcript by the Producing Party. The reporter must mark the face of the exhibit and/or the specific portions of the transcript, by page and line references, and designate the exhibit and/or the specified portions of the transcript as "Confidential". The exhibits and/or portions of the transcript so designated shall be treated in accordance with this Order.

5. No person other than the Producing Party or its counsel of record will disclose to any other person Confidential Documents (as defined herein) unless all terms and conditions in this Order are satisfied; and upon satisfaction of such terms and conditions, the Confidential Documents may be disclosed only to the following persons:

   (a) The Receiving Party and Counsel of record for the Receiving Party;

   (b) Persons specifically consulted or retained by the Receiving Party or counsel of record for the Receiving Party to assist in the preparation of the trial of this matter (such as accountants, consultants and experts), but only if such persons need the Confidential Documents to render such assistance;

   (c) Any potential or actual deposition or trial witness to the extent that it is necessary to tender to such witness a Confidential Document as an exhibit, in order to elicit testimony relevant to the matters at issue in this case; and

   (d) Any person serving as a mediator during a mediated settlement conference of this matter.

- 4 -
Case 5:13-cv-00427-D   Document 45   Filed 07/11/14   Page 4 of 11

6. Persons within the scope of paragraphs 5(b), 5(c) and 5(d) above may not retain copies of Confidential Documents, and such persons must destroy or return all Confidential Documents to counsel of record for the Receiving Party when their participation in the case is ended or their need to have such documents or information ends, whichever comes first. Counsel of record for the Receiving Party shall be responsible for procuring the return or destruction of such Confidential Documents and to dispose of such Confidential Documents in accordance with this Order.

7. Before any person is given access to Confidential Documents or information therefrom under subparagraphs 5(b) or 5(c) above, the Receiving Party's counsel shall provide such person with a copy of this Order and require such person to execute a copy of the Confidentiality Agreement attached hereto as **Exhibit A** as acknowledgement that he or she understands the terms of this Order and agrees to abide by them. Counsel for the Receiving Party shall promptly provide copies to counsel for the Producing Party of such Confidentiality Agreements signed by all persons to whom that party has made disclosure. In the case of a deposition or trial witness, it shall be sufficient to provide the witness with a copy of this Order and to obtain his or her acknowledgement on the record one time prior to commencement of the deposition or testimony, and it shall not be necessary to repeat the process each time the witness is shown additional Confidential Documents. In the event any non-party deponent refuses to execute the Confidentiality Agreement or to verbally acknowledge on the record as described above, such deponent may be shown the Confidential Documents only during his or her actual testimony and may not retain copies of any such information or documents.

8. If a Receiving Party believes in good faith that it is necessary to disclose any Confidential Document in any affidavits, briefs, memoranda, deposition transcripts or exhibits

- 5 -
Case 5:13-cv-00427-D   Document 45   Filed 07/11/14   Page 5 of 11

filed with or submitted to the Court, counsel for the Receiving Party shall confer with counsel for the Producing Party in good faith to determine the procedures to protect confidentiality while imposing as little burden as possible on the parties and the Court. If the parties conclude that filing the document under seal is necessary to preserve the confidentiality, the parties shall consult with the Clerk of this Court in order to minimize the burden on the Court. Each time a party seeks to file under seal confidential documents, things or and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court. When a party seeks to file Confidential Documents, including confidential portions of any transcript, a party shall submit such materials to the court in a sealed envelope or other appropriately sealed container, which covering shall be endorsed with the title of this action and a statement in the following form: "Filed Under Seal Pursuant to Protective Order."

9. Each person given access to Confidential Documents pursuant to this Order shall keep such material strictly secure, shall refrain from disclosing in any manner any Confidential Documents, and shall keep such Confidential Documents confidential except as otherwise provided by the terms of this Order.

10. Upon conclusion of this action, including all appeals, the provisions hereof relating to the access to and use of Confidential Documents shall continue to be binding upon all persons entitled to access under the terms of this Order. The parties agree to destroy or return within 30 days after conclusion of this action, including all appeals, any and all documents in their possession or control containing information which is the subject of this Order, including, without limitation, all copies, summaries, excerpts and notes thereof whether in its possession or the possession of its counsel or any experts or consultants retained by the Receiving Party. Counsel for the parties may retain one copy of all documents to be kept in counsels' files and otherwise subject to the terms of this Order for purposes of complying with any applicable rules of professional conduct, however, copies of the Confidential documents shall only be retained by counsel for the Receiving Party and in no event retained by the actual Receiving Party. The Receiving Party shall promptly destroy or return all copies of Confidential Documents to counsel for the Receiving Party within 15 days following the conclusion of the litigation. Copies of all documents retained in counsels' files and otherwise subject to the terms of this Order shall be kept in a sealed envelope with a notation on said sealed envelope containing counsel's name and address and a statement that the documents are subject to this protective order with a copy of this protective order attached for ease of reference. The sealed envelope containing copies of the documents subject to this protective order shall either (i) be returned to the Producing Party or (ii) destroyed no later than seven (7) years following the completion of this litigation.

11. Nothing in this Order shall preclude the Producing Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as it may deem appropriate. Nothing in this Order shall preclude either party from objecting to any discovery requests on any applicable

grounds (other than the grounds that the information sought is confidential or proprietary). Nothing in this Order constitutes a waiver by any party of the attorney/client privilege or the work product doctrine. Nothing herein shall limit a party's or its counsel's use of its own documents or any documents obtained outside the discovery process in this action.

12.     Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at trial.

13.     In the event that any Confidential Documents are used in any court proceeding in this case, they shall not lose their confidential status under this Order through such use, its use shall continue to be subject to the provisions of the Order that are not inconsistent with other orders by the Court.

14.     The parties shall confer among themselves concerning measures which should be taken during trial of this cause to satisfy the requirements of confidentiality consistent with the right of all parties to present all admissible evidence necessary for a proper resolution of this case.

**CONSENTED AND AGREED TO:**


/s/ William S. Cherry, III
William S. Cherry, III, NCSB # 33860
Natalie M. Rice, NCSB # 43157
MANNING FULTON & SKINNER, P.A.
*Attorneys for Marketel Media, Inc.,*
*Samuel T. Hassell and Intelimarc, Inc.*
3605 Glenwood Avenue, Suite 500
Post Office Box 20389
Raleigh, North Carolina  27619-0389
Telephone:     (919) 787-8880
Facsimile:     (919) 325-4604 (Cherry)
Facsimile:     (919) 325-4619 (Rice)
E-Mail:        cherry@manningfulton.com
E-Mail:        nrice@manningfulton.com


/s/ Andrew J. Epstein
Andrew J. Epstein, NCSB # 36740
THE EPSTEIN LAW FIRM, PLLC
*Attorneys for Kelly Jenkins Ortiz and*
*Mediapotamus, Inc.*
P. O. Box 189
Raleigh, NC  27602-0189
Telephone:     (919) 780-5801
Facsimile:     (919) 882-8808
Email:         jepstein@epsteinlawnc.com


792688-V2.25576-L43478

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____, have read the Protective Order entered in the consolidated case captioned *Marketel Media, Inc. and Samuel T. Hassell, Plaintiffs, v. Mediapotamus, Inc. and Kelly Jenkins Ortiz, Defendants; Kelly Jenkins Ortiz, Plaintiff, v. Samuel T. Hassell, Marketel Media, Inc., Intelimarc, Inc. and Does 1-10, Defendants*, Case No. 5:13-CV-00427-D, the United States District Court for the Eastern District of North Carolina, Western Division, and I understand and agree to be bound by the Protective Order. I also understand that, if I violate the provisions of the Protective Order, I may be punished by fine or imprisonment for such violation. I consent to the jurisdiction of the United States District Court for the Eastern District of North Carolina, Western Division, over me for all matters relating to the enforcement of the Protective Order.

Date:_____       _____
                                        Signature


                                        _____
                                        Name (Please print)

*********************

## COURT'S APPROVAL AND MODIFICATIONS

This Consent Protective Order is the subject of the parties' motion for entry thereof at D.E. 42 and agreed upon in proposed form at D.E. 42-1. The court hereby ALLOWS the motion, and APPROVES and ADOPTS the foregoing terms of the Consent Protective Order, subject to the following modifications:

1. The parties shall designate any documents or information as "Confidential" under the terms of this Consent Protective Order only if such party believes in good faith that such documents or information qualify for protection under Federal Rule of Civil Procedure 26(c).

2. The provisions of Local Civil Rule 79.2, E.D.N.C. regarding sealed documents, along with Section T of the ECF Administrative Policies and Procedures Manual cited therein, shall supersede any contrary terms above, including any such terms in Paragraph 8. Any person submitting documents under seal pursuant to this Consent Protective Order shall submit with them a motion to seal. The motion shall be accompanied by a supporting memorandum showing that the documents may properly be sealed. *See, e.g., Stone v. University of Maryland Medical System Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988).

3. The return of trial exhibits by the court shall be governed by Local Civil Rule 79.1 notwithstanding any contrary terms in this Consent Protective Order, including any such terms in paragraph 10.

SO ORDERED, this 11th day of July 2014.

_____
James E. Gates
United States Magistrate Judge