IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-427-D

| | |
|---|---|
| MARKETEL MEDIA, INC. and SAMUEL T. HASSELL, <br><br> Plaintiffs, <br><br> v. <br><br> MEDIAPOTAMUS, INC. and KELLY J. ORTIZ, <br><br> Defendants. <br><br>———————————————— <br> KELLY JENKINS ORTIZ, <br><br> Plaintiff, <br><br> v. <br><br> SAMUEL T. HASSELL, MARKETEL MEDIA, INC., INTELIMARC, INC., and DOES 1-10, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) **ORDER** |

This case comes before the court on the motion (D.E. 48) by Kelly Jenkins Ortiz ("Ortiz") to compel production of documents from Samuel T. Hassell ("Hassell") and Marketel Media, Inc. ("Marketel"). The motion has been fully briefed and referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* D.E. 63). For the reasons set forth below, the motion will be denied.

## BACKGROUND

Ortiz and Hassell were formerly co-owners and shareholders in Marketel, a North Carolina corporation incorporated in July of 2011. (*See* Hassell Compl. (D.E. 1-1) ¶¶ 7, 23).

Following the severance of their business relationship, Hassell and Marketel filed an action in the Superior Court of Wake County (North Carolina) in May 2013 against Ortiz and her company, Mediapotamus, Inc. (*See id.* at 1). The action was removed to this court in June 2013 and assigned the case number in the caption above. (*See* Removal Notice (D.E. 1)). Hassell and Marketel assert claims for declaratory judgments (*id.* ¶¶ 47-61); negligent maintenance of finances, books, and records (*id.* ¶¶ 62-67); and defamation and slander (*id.* ¶¶ 68-78).

Prior to commencement of the action by Hassell and Marketel, in April 2013, Ortiz filed a separate lawsuit in the Central District of California against them, as well as unnamed John Does, and Intelimarc, Inc. (*See* Ortiz Compl. (D.E. 1, E.D.N.C. case no. 5:13-CV-693-D ("case no. 693"))). The case was transferred to this district in October 2013 (*see* Transfer Ltr. (D.E. 29-1, case no. 693) and consolidated with the suit by Hassell and Marketel in November 2013 (*see* Consol. Ord. (D.E. 20) 7). In her second amended complaint (D.E. 24), Ortiz asserted claims for breach of fiduciary duty (*id.* ¶¶ 18-30); conversion (*id.* ¶¶ 31-34); civil conspiracy (*id.* ¶¶ 35-37); constructive fraud (*id.* ¶¶ 38-40); breach of implied duty of good faith and fair dealing (*id.* ¶¶ 41-45); fraud by concealment (*id.* ¶¶ 46-50); mandatory buyout (*id.* ¶¶ 51-53); and compelling inspection of books and records (*id.* ¶¶ 54-60). In an order on Hassell's and Intelimarc's motion for summary judgment, the court dismissed all of Ortiz's claims against Intelimarc, Inc., two of her three claims for breach of fiduciary duty, and her claims for conversion, civil conspiracy, and fraud by concealment. (S.J. Ord. (D.E. 65) 23).

On 14 May 2014, Ortiz served her first set of requests for production of documents and tangible things on Hassell (Ortiz's Prod. Reqs. to Hassell (D.E. 48-2)) and Marketel (Ortiz's Prod. Reqs. to Marketel (D.E. 48-3)). While Hassell and Marketel produced a number of documents in response to the requests, they withheld others on grounds of attorney-client

privilege. (*See* Hassell Resp. to Prod. Reqs. (D.E. 48-4); Marketel Resp. to Prod. Reqs. (D.E. 48-5)). Hassell and Marketel produced a privilege log (D.E. 48-8) for the documents they withheld. The documents identified in the privilege log are communications between Hassell and attorney Robert C. deRosset ("deRosset"), Hassell's brother. All are emails or short chains of emails, some with attachments,[1] except for a single invoice. (*See* Priv. Log). DeRosset served and may still serve as corporate counsel for Marketel. (*See, e.g.*, Mot. ¶ 9).

By her motion, Ortiz seeks production from Hassell and Marketel of all "documents listed in the Privilege Log and any other documents relating to [deRosset] that are being withheld from production." (Mot. 5). Ortiz identifies as the production requests implicated by their motion production request no. 5 to Hassell and production requests nos. 16 to 19 to Marketel.[2] In the alternative, the motion seeks an order requiring Hassell and Marketel to submit the withheld documents for *in camera* inspection to determine whether they are privileged. (Mot. 5).

Hassell and Marketel filed a memorandum (D.E. 51) in opposition to Ortiz's motion. They also filed under seal for *in camera* review the documents, totaling 35 pages, listed in the privilege log (D.E. 52 at 6-40) with a declaration by Hassell (D.E. 52 at 1-5) identifying them.

---

[1] Although the privilege log does not provide the date of each email in the withheld documents or mention attachments to emails, the court finds that the log gave Ortiz adequate notice of the documents being withheld, considering, among other factors, the proximity in dates of emails in a chain.

[2] Production request no. 5 to Hassell seeks: "All communications at any time—including but not limited to letters, e-mails, or memoranda—between you and Mr. deRosset or any other employee of Young Moore & Henderson in which Marketel Media, Inc., Kelly Jenkins Ortiz, Ashley Long, or Christina Bledsoe (your former assistant) are mentioned." Production request no. 16 to Marketel seeks: "All communications—including but not limited to letters, e-emails, memoranda, or other documents—between Marketel Media, Inc. and its attorneys, Robert C. deRosset ("Mr. deRosset") or any other employee of Young Moore & Henderson, from incorporation of Marketel Media, Inc., to the present." Production request no. 17 seeks: "All communications—including but not limited to letters, e-mails, memoranda, or other documents—between Samuel T. Hassell and Mr. deRosset or any other employee of Young Moore & Henderson in which Marketel Media, Inc., Kelly Jenkins Ortiz, Ashley Long, or Christina Bledsoe (Samuel T. Hassell's former assistant) are mentioned from the incorporation of Marketel Media, Inc., to the present." Production request no. 18 seeks: "All invoices from Mr. deRosset or Young Moore & Henderson to Marketel Media, Inc. from the incorporation of Marketel Media, Inc. to the present." Production request no. 19 seeks: "All agreements between Marketel Media, Inc. and Mr. deRosset or Young Moore & Henderson at any time." Notwithstanding Ortiz's reliance on production requests nos. 18 and 19, the court finds that none of the withheld documents fall within the scope of those production requests.

3

(*See* Sealing Ord. (D.E. 63)). The submission of the withheld documents moots the alternative relief sought in Ortiz's motion.

## DISCUSSION

### I. APPLICABLE LEGAL PRINCIPLES

#### A. Standards Governing Discovery Generally

The Federal Civil Rules enable parties to obtain information by serving requests for discovery on each other, including requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *EEOC v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 Jun. 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992). The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 Jul. 2012) ("In order to limit the scope of discovery, the 'party

4

resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'") (quoting *Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 3 June 2011))). In addition, the court may limit the extent of discovery otherwise allowable where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii); *see also Basile Baumann Prost Cole & Assocs., Inc. v. BBP & Assocs. LLC*, No. WDQ-11-2478, 2013 WL 1622001, at *3 (D. Md. 9 Apr. 2013) ("Further, '[a]ll discovery is subject to the [proportionality] limitations imposed by Rule 26(b)(2)(C).'" (quoting Fed. R. Civ. P. 26(b)(1))).

Rule 34 governs requests for production of documents. *See generally* Fed. R. Civ. P. 34. A party asserting an objection to a particular request "must specify the part [to which it objects] and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). In addition, where the objection asserted is one of privilege, a party must expressly assert it in response to the particular discovery request involved and serve with its discovery responses a privilege log in conformance with Fed. R. Civ. P. 26(b)(5)(A). Failure to timely serve a privilege log meeting the requirements of Rule 26(b)(5)(A) may be deemed a waiver of the privilege otherwise claimed. *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 577 (D. Md. 2010) ("Absent consent of the adverse party, or a Court order, a privilege log (or other communication of sufficient information for the parties to be able to determine whether the privilege applies) must accompany a written response to a Rule 34 document production request, and a failure to do so may constitute a forfeiture of any claims of privilege.").

5

Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv).

B.  **Attorney-Client Privilege**

The attorney-client privilege exists when (1) there is an attorney-client relationship, (2) the communication in question relates to a fact that the attorney learned from the client, outside the presence of strangers, for the purpose of securing a legal opinion or legal services, and (3) the privilege has been claimed and not waived. *See Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998); *Miles v. Martin*, 147 N.C. App. 255, 259, 555 S.E.2d 361, 364 (2001) (same). The attorney-client privilege is designed "to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "The burden is on the proponent of the attorney-client privilege to demonstrate its applicability." *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982); *Evans v. United Servs. Auto. Ass'n*, 142 N.C. App. 18, 32, 541 S.E.2d 782, 791 (2001) (same). If a party demonstrates that the attorney-client privilege applies, all communications between attorney and client are entitled to absolute and complete protection from disclosure. *In re Allen*, 106 F.3d 582, 600 (4th Cir. 1997).

II.  **HASSELL'S AND MARKETEL'S CLAIMS OF ATTORNEY-CLIENT PRIVILEGE**

The court has carefully reviewed each of the *in camera* documents submitted by Hassell and Marketel and finds them to be properly withheld as attorney-client communications. The documents reflect an attorney-client relationship between Hassell acting on behalf of a corporate entity or himself and deRosset; the communications relate clearly to the procurement of a legal opinion or legal services; and the communications were made outside the presence of strangers.

6

Ortiz argues that Hassell waived any attorney-client privilege otherwise applicable during his deposition by Ortiz's counsel. Hassell testified as follows:

> Q. Okay. Did you ever use Mr. deRosset as a personal lawyer?
>
> A. I don't believe so.
>
> Q. Okay. So Mr. deRosset's only connection to anything regarding [Ortiz] or Marketel would be to advise Marketel; is that right?
>
> [Hassell's Atty.]: Objection
>
> A. I — yeah. I mean, I can't answer that. That's not what I said. I don't know how that — because I'm not sure how that works.

(Hassell Dep. (D.E. 48-6) 1; Hassell/Marketel Mem. 4; Hassell Dec. (D.E. 52) ¶ 9).[3]

The court is not persuaded by Ortiz's argument. Hassell's testimony, particularly with his qualification that he was "not sure how that works," does not indicate any intent by him to waive attorney-client privilege arising from an attorney-client relationship with deRosset, whether based on deRosset's representation of Hassell in his individual capacity or his representation of a corporate entity on whose behalf Hassell was acting.

Ortiz appears to argue that deRosset and his firm had a conflict in providing advice or other legal services to Hassell contrary to the interests of Ortiz and that such conflict negated any privilege otherwise applicable to the withheld documents. Such a conflict, though, even if it exists, does not waive the attorney-client privilege otherwise applicable to the documents. "[T]he fact that an *attorney* has a conflict of interest does not mean that the *client* forfeits the benefit of the attorney-client privilege." *New Phoenix Sunrise Corp. v. C.I.R.*, 408 Fed. Appx. 908, 919 (6th Cir. 2010) (emphasis original). The documents accordingly remain cloaked with the protection of the attorney-client privilege.

---

[3] The single page from Hassell's deposition filed by plaintiff ends with the phrase "I don't . . . ." The memorandum filed by Hassell and Marketel and Hassell's declaration provide the remainder of his answer as quoted above ("know how that — because I'm not sure how that works").

7

Ortiz's status as a shareholder and officer of Marketel does not entitle her to confidential attorney-client communications between Hassell when acting on behalf of Marketel and deRosset. Because Hassell controlled management of Marketel, he retained the authority to assert or waive the attorney-client privilege on its behalf. *See, e.g., Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 349 & n.5 (1985) ("[T]he power to waive the corporate attorney-client privilege rests with the corporation's management . . . ."); *Finova Capital Corp. v. Lawrence*, 2001 U.S. Dist. Lexis 2087, at *8 (N.D. Tex. 2001) ("Only the corporation, acting through its current management, is entitled to assert or waive the privilege."); *Milroy v. Hanson*, 875 F. Supp. 646, 648 (D. Neb. 1995) ("A dissident director is by definition not 'management' and, accordingly, has no authority to pierce or otherwise frustrate the attorney-client privilege when such action conflicts with the will of 'management.'").

In some shareholder derivative contexts, the so-called fiduciary exception to the attorney-client privilege can require, for good cause, disclosure of communications covered by the corporation's privilege to dissident shareholders. *See, e.g., Solis v. Food Employers Labor Relations Assoc.*, 644 F.3d 221, 228 (4th Cir. 2011). Ortiz has not invoked the fiduciary exception. Assuming Hassell's communications on behalf of Marketel with deRosset are ones to which the fiduciary exception could apply, the record does not establish the requisite good cause for disclosure to Ortiz because of, among other factors, the focus of the communications on the dispute with Ortiz and minimal need of Ortiz for such communications. *See Solis*, 644 F.3d at 228 ("The exception will not apply, for example, to a fiduciary's communications with an attorney regarding her personal defense in an action for breach of fiduciary duty."); *Herrmann v. Rain Link, Inc.*, No. 11-1123-RDR, 2012 WL 1207232, at *6 (D. Kan. 11 Apr. 2012) ("[C]ourts have generally found the fiduciary exception inapplicable to communications made during a time

8

when the parties' interests were not aligned or when the subject of the communications did not involve matters that a fiduciary would owe a duty to disclose to a beneficiary.").

## **CONCLUSION**

For the reasons set out above, Ortiz's motion to compel (D.E. 48) is DENIED. Hassell need not respond further to Ortiz's production request no. 5; Marketel need not respond further to Ortiz's production requests nos. 16-19; and Hassell and Marketel need not produce the documents identified in the privilege log.

SO ORDERED, this 11 day of June 2015.

James E. Gates
United States Magistrate Judge

9

Case 5:13-cv-00427-D   Document 70   Filed 06/11/15   Page 9 of 9